# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

| | |
|---|---|
| BURTON WELCH, | ) |
| | ) |
| Petitioner, | ) C. C. A. NO. 02C01-9807-CC-00222 |
| | ) |
| vs. | ) LAKE COUNTY |
| | ) |
| STATE OF TENNESSEE, | ) No. 98-7802 |
| | ) |
| Respondent. | ) |

**FILED**

**October 15, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

### O R D E R

This matter is before the Court upon motion of the state to affirm the judgment of the trial court by order rather than formal opinion. See Rule 20, Rules of the Court of Criminal Appeals. This case represents an appeal from the trial court's denial of the petitioner's petition for writ of habeas corpus. On December 17, 1996, the petitioner pled guilty to four counts of sale of cocaine under 0.5 grams and received a six year sentence. No appeal was taken. In his present petition, the petitioner claims: 1) the chancellor lacked jurisdiction to render judgment in this case; 2) his arrest was the result of an unlawful entrapment; 3) he received ineffective assistance of counsel; and 4) the convicting evidence was insufficient.[1] The trial court found that these allegations are not proper subject for habeas corpus relief.

> Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). Pursuant to T.C.A. § 17-2-203 (Repealed 1997), the chancellor had jurisdiction to render the judgments in this case. Though recently repealed, this statute was in effect on the date of judgments in this

---

[1] The petitioner makes the additional argument on appeal that the judgments do not specify under which statute he was convicted. Since the petitioner failed to raise the issue below, this Court is precluded from considering it on appeal. See T.R.A.P. 36(a). Nonetheless, this argument is without merit. The judgments clearly state the crime for which the petitioner was convicted.

case. Additionally, the judgments in this case clearly establish that the convicting court had jurisdiction to convict the petitioner of an existing criminal offense, i.e., the sale of cocaine under 0.5 grams. Nor has the petitioner's sentence expired. Review of the other claims raised by the petitioner would necessarily involve investigation beyond the face of the judgment or record, and they are, therefore, inappropriate for consideration in a habeas corpus proceeding.

Accordingly, for the reasons stated above, it is hereby ORDERED that the state's motion is granted and the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
PAUL G. SUMMERS, JUDGE


_____
DAVID G. HAYES, JUDGE


_____
JOE G. RILEY, JUDGE